UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MONSERRATE RIVERA, O/B/O A.A.P.R.,

                    Plaintiff,

   v.                                        **DECISION AND ORDER**
                                              15-CV-50S

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

     1.    Plaintiff Monserrate Rivera challenges an Administrative Law Judge's ("ALJ") decision dated May 7, 2013, wherein the ALJ determined that Plaintiff's minor child, A.A.P.R. ("AAPR"), is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff now contends that this determination is not based upon substantial evidence, and remand is warranted. Plaintiff alleges that AAPR has been disabled since July 1, 2011 due to adjustment disorder, oppositional defiant disorder, speech and language delay, learning disorder, and attention deficit hyperactivity disorder.

     2.    On October 14, 2011, Plaintiff filed an application for Supplemental Security Income ("SSI") on behalf of AAPR, who was then nine, claiming she had been disabled since July 1, 2011. The claim was initially denied on April 4, 2012. Plaintiff thereafter requested a hearing before an ALJ,[1] and, on April 18, 2013, Plaintiff appeared and testified before ALJ Timothy M. McGuan with the help of a Spanish language interpreter. The ALJ subsequently found, on May 7, 2013, that Plaintiff was not disabled within the meaning of the Social Security Act. Plaintiff filed an administrative appeal and the Appeals Council denied Plaintiff's request for review on

---

[1] Plaintiff untimely filed the written request for hearing, but later filed an explanation for the late filing in July 2012, after a notice was provided to her in Spanish.

November 19, 2014, rendering the ALJ's determination the final decision of the Commissioner. Plaintiff filed the instant action on January 16, 2015.

3. Plaintiff and the Commissioner each filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Docket Nos. 10, 12). Judgment on the pleadings is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988).

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v.

Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F.Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review."  Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

      6.     An individual under the age of 18 is considered disabled when he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(C)(i).  The Commissioner has established a three-step sequential evaluation process to determine whether a child is disabled as defined under the Act.  See 20 C.F.R. § 416.924.  Specifically, it must be determined: (1) whether or not the child has engaged in any substantial gainful activity; (2) if not, whether he or she has a "severe" impairment or combination of impairments that cause "more than minimal functional limitations;" and (3) whether his or her impairment or combination of impairments is of listing-level severity, in that it meets, medically equals, or functionally equals the severity of a listed impairment.  See 20 C.F.R. § 416.924; see also 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listing of Impairments").

7. Where an impairment medically meets or equals a listed impairment, the child will be found disabled. 20 C.F.R. §§ 416.924(d)(1); 416.925. If a child's impairment or combination thereof does not meet or equal a listed impairment, the ALJ must assess all functional limitations caused by the child's impairments in terms of six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating to others; (4) moving about and manipulating objects; (5) caring for self; and (6) health and physical well-being. See 20 C.F.R. § 416.926(a),(b)(1). A child is classified as disabled if he or she has a "marked" limitation in two domains of functioning or an "extreme" limitation in one domain. See 20 C.F.R. §§ 416.926a(d). A "marked" limitation exists when an impairment or the cumulative effect of impairments "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(I). An "extreme" limitation "interferes very seriously" with that ability. 20 C.F.R. § 414.926a(e)(3)(I).

8. After applying the three-step evaluation in this case, the ALJ concluded that AAPR, who was ten years old at the time of the decision: (1) had not engaged in substantial gainful activity since the application date of October 14, 2011; (2) had the following "severe" impairments: speech and language delay, learning disorder, and attention deficit hyperactivity disorder ("ADHD"); and (3) did not have an impairment or combination of impairments that either met, or medically equaled a listed impairment. (R. at 18.)[2] In regard to the functional-equivalent domains, the ALJ found that AAPR had less than marked limitation in acquiring and using information, and no limitation in the other five domains. (R. at 23-27.) Because the child did not have an impairment or combination thereof that resulted in the functional equivalent of a listed impairment, ALJ

---

[2] Citations to the underlying administrative record are designated as "R."

McGuan held that AAPR was not disabled under the Act at any time through the date of his decision, May 7, 2013.  (R. at 27.)

      9.      Plaintiff advances three challenges to the ALJ's decision, the first of which is persuasive.  Plaintiff argues the ALJ's determination was based on an insufficient record, and therefore not supported by substantial evidence.  Specifically, Plaintiff contends that the ALJ erred by failing to obtain additional counseling and psychiatric records from Child and Family Services, and that this constitutes error because these records likely address AAPR's oppositional defiant disorder ("ODD"), which the ALJ did not consider "severe" at Step Two.

There are several red flags in the record suggesting, contrary to the ALJ's finding, that AAPR's ODD and surrounding behavioral issues may be a severe impairment.  For example, in October 2011, Child and Family Services drafted a treatment plan for AAPR, which identified several goals and objectives listed as "active," including learning alternative ways to deal with anger, reducing impulsive aggression, and decreasing school suspensions.  (R. at 303.)  The treatment plan also listed four types of planned interventions:  individual and family therapy interventions that were to occur every two weeks, and psychiatric assessments and medication interventions that were to occur monthly.  (R. at 304.)  The record lacks further evidence regarding the content of these interventions and assessments, but does contain a second treatment plan from Child and Family Services, dating from February 2013, which addresses many of the same behavioral problems as the 2011 plan.  (R. at 377.)  The 2013 plan indicates some progress made by AAPR, but also states that she remained oppositional at home and in school, had thrown books and a desk, and hit other children.  (Id.)

There is an outline of bi-weekly individual and family interventions, similar to the 2011 treatment plan, facilitated by AAPR's primary therapist. (Id.) Again, no treatment notes are included from these sessions.

AAPR's medication history also suggests the likelihood of severe mental impairments. The record notes that AAPR was first prescribed Intuniv to treat her ADHD in February 2012 by Diana Page, a Child and Family Services Nurse. (R. at 365.) The record indicates that AAPR's dosage of Intuniv was increased on June 27, 2012, and again on August 22, 2012. (R. at 366.) A summary of medication dated September 3, 2013, indicates that two additional medications were later prescribed: Focalin and Seroquel. (R. at 418.) Focalin "is a prescription medication designed to moderate ADHD symptoms in both children and adults." Archer ex rel. J.J.P. v. Astrue, 910 F. Supp. 2d 411, 420 n. 15 (N.D.N.Y. 2012). "Seroquel is an anti-psychotic medication which operates to alter the actions of chemicals in the brain; among the approved uses of the drug is for treatment of schizophrenia and bipolar mania." Smith v. Woods, No. 9:05-CV-01439 LEKDEP, 2008 WL 788573, at *2 (N.D.N.Y. Mar. 20, 2008). There is no explanation in the record of which treatment provider prescribed these medications, nor what they were intended to treat.

"It is the rule in [the Second] [C]ircuit that 'the ALJ, unlike a judge in a trial, must [himself] affirmatively develop the record' in light of 'the essentially non-adversarial nature of a benefits proceeding.'" See Ebelink v. Colvin, No. 6:14-CV-06726(MAT), 2015 WL 9581787, at *3 (W.D.N.Y. Dec. 30, 2015) (quoting Pratts v. Chater, 94 F.3d 34, 37 (2d Cir. 1996)). An ALJ is not required to request records that contain duplicative information. See Lynn v. Comm'r of Social Security, No. 11-CV-917(CBA), 2013 WL

6

1334030, at *12 (E.D.N.Y. Mar. 30, 2013).  Instead, the duty to further develop the record is triggered when inconsistencies or inadequacies necessitate further information.  See Rosa v. Callahan, 168 F.3d 72, 79 n. 5 (2d Cir. 1990) (citing Perez v. Chater, 77 F.3d 41, 48 (2d Cir. 1996)); see also 20 C.F.R. § 416.912(d) ("Before we make a determination that you are not disabled, we will develop your complete medical history . . . [and] will make every reasonable effort to help you get medical reports from your own medical sources when you give us permission to request the reports.").

Such inconsistencies and inadequacies are present in the record of this case, as the ALJ himself noted.  For example, he declined to give significant weight to the testimony of AAPR's mother, finding her "not credible" because, *inter alia*, she "testified that [AAPR] has panic attacks, but there are no documented complaints of panic in any of the treatment records."  (R. at 21.)  He similarly gave little weight to the opinion of Dr. Renee Baskin, a consultative examiner, because "it is based primarily on the reports of claimant's mother, which have not been consistent with the treatment records."  (Id.)  He also gave little weight to the opinion of the state agency medical consultant who found AAPR to have multiple limitations, again on the basis that the opinion was not consistent with the treatment record.  (R. 21-22.)  Finally, he gave little weight to AAPR's teacher, Ms. Irizarry, who noted significant behavioral issues, because her opinion was not consistent with other educational records.  (R. at 22.)  In sum, the ALJ gives little weight to all the opinions in the record, primarily on the basis that they are inconsistent with AAPR's treatment records.  However, treatment records for AAPR's ADHD and ODD are almost entirely absent.

Though the ALJ lacked treatment records evidencing oppositional behaviors, he was in possession of records regarding the very serious medication that AAPR was prescribed, as well as records indicating that the dosages were increased over time and that additional medications were added. These prescriptions "would suggest that the absence of any supporting evidence might be attributable to deficiencies in the administrative record rather than fabrication" or exaggeration by AAPR's mother as to oppositional behaviors and aggression. See Calzada v. Asture, 753 F. Supp. 2d 250, 275 (S.D.N.Y. 2010) (finding legal error and remanding for further development of the record because the ALJ failed to "address a clear gap in the record regarding plaintiff's mental status or even to acknowledge the relevant evidence of plaintiff's prescribed medications"). The ALJ makes no mention of AAPR's medication history in his decision, except to note that she has been prescribed medication for ADHD. (R. at 24.)

Instead, without appropriate treatment records, the ALJ relied on his own observations, as well as the minimal examination notes included in the administrative record, for his finding that AAPR does not exhibit "defiance and acting out" behaviors. (Id.) Indeed, he dismisses AAPR's mother's testimony regarding her aggression and hyperactivity because AAPR "was able to sit quietly and appropriately throughout the hearing." (R. at 21.) The record includes notes of AAPR's behavior during her psychiatric evaluation by Nurse Page, the examination by Dr. Baskin, and the administrative hearing. But these instances reflect AAPR's behavior only in highly structured settings, and the Act requires that the ALJ "consider the claimant's functioning outside of the highly structured setting" "if the claimant's symptoms or signs are controlled or reduced by the structured environment." Smith v. Massanari, No. 00-


CV-402, 2002 WL 34242375, at *6 (W.D.N.Y. Mar. 17, 2002) (remanding where, as here, "the ALJ did not discuss—or even mention—[this obligation under 20 C.F.R.] § 416.924c(d)").

The Commissioner argues that the ALJ's failure to develop the record should be excused because, at the hearing, Plaintiff's counsel represented to the ALJ that the record was substantially complete. (R. at 44.) Although it is true that a plaintiff has the duty to produce all relevant evidence to support her claim, this duty does not relieve the ALJ of his obligation to properly develop the record. See Perez, 77 F.3d at 47. This is so even in light of counsel's statement: "Where, as here, it is apparent from the face of the record that the record lacks necessary information, the ALJ cannot be relieved of his affirmative obligation to develop the record by a statement of counsel." Hilsdorf v. Comm'r of Soc. Sec., 724 F. Supp. 2d 330, 346 (E.D.N.Y. 2010); see also Palascak v. Colvin, No. 1:11-CV-0592 MAT, 2014 WL 1920510, at *11 (W.D.N.Y. May 14, 2014) ("It is true, as the ALJ notes, that Plaintiff's attorney indicated that the record was complete. However, the fact that a claimant has an attorney representative does not obviate the ALJ's duty to develop the record fully."). Accordingly, the failure to develop the record as to AAPR's ADHD and ODD necessitates remand.

10. In addition to challenging the ALJ's failure to properly develop the record, Plaintiff argues that the ALJ failed to properly evaluate Plaintiff's "severe impairments" at step two. Plaintiff also contends that the ALJ gave improper weight to the opinion of AAPR's third grade teacher, Ms. Irizarry. Because this case is being remanded based on the ALJ's failure to properly develop the record, this Court will not address these remaining arguments, but the ALJ is directed to consider them on remand.

11.	After carefully examining the administrative record, this Court finds cause to remand this case to the ALJ for further administrative proceedings consistent with this decision. Defendant's Motion for Judgment on the Pleadings is therefore denied. Plaintiff's Motion for Judgment on the Pleadings is granted.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 10) is GRANTED;

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 12) is DENIED;

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this Decision and Order;

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated:	October 21, 2016
	Buffalo, New York

	/s/William M. Skretny
	WILLIAM M. SKRETNY
	United States District Judge